# CIRCUIT COURT OF BALTIMORE CITY.

Filed September 14, 1916.

WILLIAM J. TICKNER & SONS
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

*Charles Lee Merriken* and *William Edgar Byrd* for plaintiffs.

*S. S. Field*, City Solicitor, for defendants.

DAWKINS, J.—

I feel, as I stated a few minutes ago, that the testimony we have taken, which now justifies us reaching a different conclusion than before, is testimony that should have been taken, or an opportunity given to take it, before the Board of Estimates. I do not think I should have heard all of this testimony. That is the duty of the Board of Estimates and I do not want to interfere with their work. This suit probably never would have been instituted if the plaintiff in this proceeding had been advised that the Board of Estimates had made an investigation, regardless of the merits of it.

At the time of the first hearing I looked at the sign and possibly did not agree with the view of some of the members of the Board of Estimates, who do not hesitate to say that signs of that character ought not to be permitted anywhere. I might not adopt that view, but I would not have any right to do anything about it.

It seems to me the fundamental thing is that the Mayor thought there was an agreement of four years' standing —he did not say there had been any violation in any other respect. The Mayor, as I remember, did not say there had been any violation except he understood there was to be nothing to indicate a business place. Other signs were put up in the neighborhood, so I can see how Mr. Tickner, even if he thought there had been objection— certainly there was a healthy protest to the erection of the garage—after that lapse of time, upon the request of his customers—he said his business grew from 30 machines in 1911 to 140 in 1914, and I suppose he has hopes of it still growing—could be allowed to have that sign. I can see how he may have thought conditions had changed and how he may not have remembered anything about a sign being prohibited.

I can very well see, too, after that lapse of time how the Mayor would still think that there was to be no public sign of that character and how he may not have seen fit, even if he thought it was proper to do it, to object to the other signs mentioned.

I can not believe Mr. Tickner knew anything about the possibility of slipping the permit through the Board of Estimates. I do not believe that it went through with the knowledge of the Mayor and the Board of Estimates. I believe that the members of the Board of Estimates fully performed their duty. They made their investigation, but the petitioner was not told of it. I think if any of the Board of Estimates had advised him why it revoked the permit he would have been satisfied, or would have had to have been satisfied.

I can not emphasize too strongly that the city officials have the right to grant

these franchises and to revoke them, but I do not think the city can accept a man's money, whether big or little, put the application through the regular channels, and then arbitrarily revoke his permit without assigning a cause for so doing.

I have in mind the Frostberg case in reference to trees on the street.

The city can not act arbitrarily. The citizen surely has the right to know why the franchise granted in the regular course of procedure is taken from him.

I think the city should certainly pay the costs of this and the prior hearing. Notwithstanding that, I think the city is entitled to continue their work in their own way and can revoke for cause if they give notice.

The case has been stopped by agreement, but I understand I am to dispose of it, for, if the plaintiff dismisses his bill, the costs would necessarily go upon him.

I again want to say that I believe the very hearing we have had here should have been had before the Board of Estimates without attempting to dictate or suggest anything to the city authorities as to their final and proper conclusions.

I feel that every citizen has a right to know why he is compelled to do something or undo something he has done. I think he has a right to his day in court whether that day is here or before a department of the city government.

My decision will be: Bill dismissed, the sign ordered removed, the city to pay the costs.